UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MAMDOU ABIB DIOP,

Plaintiff,

Case No. 2:26-cv-13846

v.

Honorable Susan K. DeClercq
United States District Judge

MATTHEW PUTRA, et al.,

Defendants.
______________________________/

**OPINION AND ORDER GRANTING THE PETITION FOR WRIT OF HABEAS CORPUS (ECF No. 1), DISMISSING SEVERAL RESPONDENTS, ORDERING RESPONDENT TO PROVIDE PETITIONER WITH A BOND HEARING OR OTHERWISE RELEASE HIM, AND ORDERING RESPONDENT TO PROVIDE A STATUS REPORT**

Before this Court is Petitioner Mamdou Abib Diop's petition for a writ of habeas corpus, in which he argues that he is being detained after a bond hearing that violated his due process rights. This Court will grant the petition for the reasons provided below, in accordance with the other judges in this District who have determined that the burden of proof often applied by Immigration Judges—placing the burden on petitioner to disprove his flight risk, rather than placing the burden on the Government to prove by clear and convincing evidence that the petitioner is, in fact, a flight risk—violates the petitioner's due process rights. *See, e.g.*, *Jaimes v. King*, 840 F. Supp. 3d 1219 (E.D. Mich. July 14, 2026); *Graterol Guedez v. Raycraft*,

No. 26-11285, 2026 WL 1696650 (E.D. Mich. June 11, 2026); *Ba v. Raycraft*, No. 26-10838, 2026 WL 1213803 (E.D. Mich. May 4, 2026).

## I. BACKGROUND

Diop is a national of Senegal. ECF No. 1 at PageID.6. He entered the United States in 2023 and has since established a life here. *Id.* at PageID.7. He seeks asylum, withholding of removal, and protection under the convention against torture. *Id.* at PageID.2. On May 14, 2026, an Immigration Judge ("IJ") denied his application and ordered him removed. *Id.* That decision is currently pending before the Board of Immigration Appeals ("BIA"). *Id.*

On June 3, 2026, Diop was riding in a vehicle that inadvertently drove to the international border between the United States and Canada, the Detroit-Windsor Ambassador Bridge. ECF No. 1 at PageID.2. He was transferred to Immigrations and Customs Enforcement ("ICE") custody on June 5, 2026. *Id.* He is currently detained at the Monroe County Jail. *Id.*

On July 11, 2026, Diop filed a motion for bond redetermination under 8 U.S.C. § 1226(a), attaching 95 pages of documentary evidence. ECF No. 1 at PageID.8. On July 21, 2026, IJ Mark Jebson heard and denied Diop's request for bond, finding he was a flight risk. ECF No. 1 at PageID.2; *see also* ECF No. 1-4 at PageID.22–23. The order denying bond contains no analysis or explanation. It simply states "Denied, because Flight risk." ECF No. 1-4 at PageID.22.

On October 8, 2026, Diop filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, alleging that his due process rights were violated because it is impossible to tell what burden of proof IJ Jebson applied to his bond determination. *See generally* ECF No. 1. He brings his petition against Matthew Putra, Field Office Director of Detroit's ICE Field Office; Troy Goodnough, Sheriff of the Monroe County Jail; Markwayne Mullin, United States Department of Homeland Security ("DHS") Secretary; DHS itself; Todd Blanche, United States Attorney General; and the Executive Office for Immigration Review. ECF No. 1 at PageID.1.

On October 27, 2026, Respondents responded, arguing that only Diop's physical custodian is a proper respondent, Diop failed to exhaust his administrative remedies, and this Court lacks jurisdiction to review the denial of bond. ECF No. 4. Diop has replied in support of his habeas petition. *See* ECF No. 5.

## II. LEGAL STANDARD

Habeas corpus "is perhaps the most important writ known to the constitutional law . . . affording as it does a swift and imperative remedy in all cases of illegal restraint or confinement." *Fay v. Noia*, 372 U.S. 391, 400 (1963) (citation omitted), *overruled in part on other grounds by Wainwright v. Sykes*, 433 U.S. 72 (1977). A district court may issue a writ of habeas corpus when a person is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Pursuant to 28 U.S.C. § 2443, the court, when evaluating an

application for a writ of habeas corpus, "shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto."

## III. DISCUSSION

For the reasons provided below, this Court will dismiss all Respondents except ICE Field Office Director Matthew Putra, but it will grant the petition.

### A. Respondents

Diop named Respondents ICE Field Office Director Matthew Putra, Monroe County Jail Sheriff Troy Goodnough, the Secretary of DHS, DHS itself, the U.S. Attorney General, and the Executive Office for Immigration Review. ECF No. 1 at PageID.1. Respondents argue that the only proper respondent is Diop's physical custodian. ECF No. 4 at PageID.140–42.

As the Sixth Circuit has explained, the proper respondent to an immigration habeas petition is, generally, the Immigration and Naturalization Services "District Director for the district where a detention facility is located," for the director "has power over" the petitioner. *Roman v. Ashcroft*, 340 F.3d 314, 322 (6th Cir. 2003) (citation omitted).[1] Therefore, Putra is the appropriate respondent in this matter. *See*

---

[1] Notably, in *Roman*, the Sixth Circuit "acknowledged that the Attorney General may also be a proper respondent under certain circumstances due to 'the degree of control which the Attorney General has over an alien's immediate custodian.' 340

*id.*; *see also Rumsfeld v. Padilla*, 542 U.S. 426, 434 (2004) ("[T]here is generally only one proper respondent to a prisoner's habeas petition."). This Court will therefore dismiss all other Respondents.

**B. Exhaustion and Jurisdiction**

Respondents also argue that Diop was required to and failed to exhaust his administrative remedies, arguing that he must pursue the appeal to the BIA, rather than seek a writ of habeas corpus. ECF No. 4 at PageID.142–45. However, a "due process challenge generally does not require exhaustion [because] the BIA lacks authority to review constitutional challenges." *Sterkaj v. Gonzales*, 439 F.3d 273, 279 (6th Cir. 2006). Therefore, this Court may consider Diop's claims, focused as they are, on his due process rights. *See, e.g.*, *Lopez v. Olson*, 815 F. Supp. 3d 576,

---

F.3d at 324–25." *Amaya v. Raycraft*, No. 25-13539, 2025 WL 3530273, at *5 (E.D. Mich. Dec. 9, 2025). As Judge Levy observed in a recent opinion:

> These extraordinary circumstances include if the government "were to exercise its transfer power in a clear effort to evade an alien's habeas petitions." [*Roman*, 340 F.3d] at 326. *Roman* suggests that there must be some kind of showing of these extraordinary circumstances in order to keep or add the Attorney General as a respondent. The Sixth Circuit noted that the petitioner in *Roman* "has not alleged facts suggesting either that the government improperly manipulated its authority in an attempt to deny Roman a meaningful opportunity for relief" or that the petitioner faced difficulties such as an inability to know who their immediate custodian is or where the petitioner is being detained. *Id.* at 326. Here, these circumstances have not been demonstrated.

*Amaya*, 2025 WL 3530273, at *5.

581 (W.D. Ky. 2025) (finding no requirement to exhaust administrative remedies, given the BIA's inability to review constitutional challenges).

For the same reason, the Government's argument that this Court lacks jurisdiction is unavailing. *See* ECF No. 4 at PageID.145–47. True, this Court may not review a "discretionary judgment" or "decision" regarding the grant or denial of bond. 8 U.S.C. § 1226(e). But Diop brings a different challenge, arguing that the *process* by which his bond was determined is unconstitutional. *See* ECF No. 1. As the Supreme Court has explained, a challenge to "the extent of the Government's detention authority under the 'statutory framework' as a whole . . . is not a matter of 'discretionary judgment,' 'action,' or 'decision'." *Jennings v. Rodriguez*, 583 U.S. 281, 296 (2018) (quoting § 1226(e)). Therefore, Diop's habeas petition "falls outside the scope of § 1226(e)," and this Court has jurisdiction to consider it. *See id.*

**C. Due Process**

Diop argues that his continued detention violates his right to due process under the Fifth Amendment. ECF No. 1. Specifically, he argues that the bond determination hearing held in July 2026 did not satisfy due process requirements because the IJ did not state the burden of proof he applied. *See id.* The Government responds that the due process clause was satisfied simply because Diop received a bond hearing. ECF No. 4 at PageID.147–156. This Court finds that because the record is silent as to the burden of proof applied by the IJ, Diop has shown that his

due process rights were violated. *See Yokobatake v. Blanche*, No. 3:26 CV 1475, 2026 WL 2349432, at *5 (N.D. Ohio Aug. 13, 2026) (observing "no mention of the burden of proof, which party bears it, and whether it was satisfied" during a immigrant detainee's bond hearing, "demonstrating a lack of the procedural safeguards the Constitution requires"). Therefore, this Court will grant his habeas petition. *See id.* at *7 (conditionally granting a habeas petition as to procedural due process allegations because "the record does not indicate what legal standard, if any, the IJ applied to make his determination" but finding that "the Government bears the burden of proof to show by clear and convincing evidence that the noncitizen is a flight risk or danger to the community").

The Immigration and Nationality Act ("INA") requires detainees be provided with a bond hearing. 8 U.S.C. § 1226(a); *Lopez-Campos v. Raycraft*, 175 F.4th 713, 734 (6th Cir. 2026). But § 1226(a) "is silent as to what burden of proof applies in bond hearings and who bears that burden." *Soto-Medina v. Lynch*, 817 F. Supp. 3d 612, 621 (W.D. Mich. 2026) (citation omitted). "In *Jennings v. Rodriguez*, 583 U.S. 281 (2018), the Supreme Court held that [section] 1226(a) does not mandate that a clear and convincing evidence burden be placed on the government in bond hearings, [but] it left open the question of whether the Due Process Clause does." *Id.* at 622 (citation modified). Diop's petition asks this Court to answer the question left open by *Jennings*. This Court will join the growing chorus of courts in finding that due

process requires the Government to bear the burden of justifying a noncitizen's detention with clear and convincing evidence.[2] *See Yokobatake*, 2026 WL 2349432, at *5 ("While the Sixth Circuit has not yet decided what burden of proof standard applies in a § 1226(a) bond hearing, numerous district courts in this Circuit have determined that under the Fifth Amendment Due Process Clause, the government bears the burden of justifying a noncitizen's § 1226(a) detention by clear and convincing evidence.").

The Fifth Amendment's Due Process clause entitles all persons to its protections. *See A.A.R.P. v. Trump*, 605 U.S. 91, 94 (2025) (per curiam). That includes a guarantee that noncitizens receive due process in removal proceedings. *Reno v. Flores*, 507 U.S. 292, 306 (1993). Detention pending removal is "a constitutionally valid aspect of the deportation process," but the detention must still comport with due process. *Demore v. Kim*, 538 U.S. 510, 523 (2003).

[2] *See, e.g.*, *Hernandez-Lara v. Lyons*, 10 F.4th 19, 39 (1st Cir. 2021); *Velasco Lopez v. Decker*, 978 F.3d 842, 855–57 (2d Cir. 2020); *Singh v. Holder*, 638 F.3d 1196 (9th Cir. 2011); *Soto-Medina*, 817 F. Supp. 3d 612; *Jaimes*, 840 F. Supp. 3d 1219; *Perez-Perez v. Raycraft*, No. 26-10533, 2026 WL 1121930 (E.D. Mich. Apr. 24, 2026); *Graterol Guedez*, 2026 WL 1696650; *Ba*, 2026 WL 1213803; *see also Miranda v. Garland*, 34 F.4th 338, 378 (4th Cir. 2022) (Urbanski, J., concurring in part) (noting a "a growing chorus of decisions" by federal district and appellate courts "around the country" that have concluded the Government should bear the burden of justifying the continued detention of the noncitizen at § 1226(a) bond redetermination hearings "by clear and convincing evidence").

"Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the very liberty that [the Due Process Clause] protects." *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001). As this Court has recently explained,

> [b]ecause "[f]reedom from bodily restraint has always been at the core of the liberty protected by the Due Process Clause from arbitrary government action," civil detention, i.e., that without a punitive purpose, "constitutes a significant deprivation of liberty" requiring stringent due process protection. *Foucha v. Louisiana*, 504 U.S. 71, 80 (1992). Thus, pretrial detention, civil commitments, and other "narrow," non-penal circumstances in which the government seeks to detain "persons who pose a danger to others or the community" require the government to prove by "clear and convincing evidence" that the person to be detained is "demonstrably dangerous to the community" and "that no conditions of release can reasonably assure the safety of the community or any person." *Id.* at 80–81; *see also United States v. Salerno*, 481 U.S. 739, 751 (1987) (holding that pretrial detention will be permitted under the Due Process Clause "[w]hen the Government proves by clear and convincing evidence that an arrestee presents an identified and articulable threat to an individual or the community").

*Graterol Guedez*, 2026 WL 1696650, at *2. Here, Respondents have not presented any compelling reason to deviate from the ordinary presumption that the Government must bear the burden of proof.

Moreover, the *Matthews v. Eldridge* factors favor placing the burden on the Government. 424 U.S. 319 (1976); *see also United States v. Silvestre-Gregorio*, 983 F.3d 848, 852–56 (6th Cir. 2020) (applying *Matthews* balancing test in the context of immigration proceedings). Under *Matthews*, this Court must consider and balance the following factors: "(1) the private interest that will be affected by official action;

(2) the risk of erroneous deprivation of that interest; and (3) the government's interest, including the fiscal and administrative burdens that the additional or substitute procedures entail." *Lopez-Campos v. Raycraft*, 797 F.Supp.3d 771, 785 (E.D. Mich. 2025), *aff'd*, 175 F.4th 713 (6th Cir. 2026) (citing *Mathews*, 424 U.S. at 335).

First, Diop has a significant private interest in avoiding detention. Not only is avoiding detention the "most elemental of liberty interests," *Hamdi v. Rumsfeld*, 542 U.S. 507, 529 (2004), but Diop is being held in a county jail, where he is undoubtedly "experiencing [many of] the deprivations of incarceration, including loss of contact with friends and family, loss of income earning . . . lack of privacy, and, most fundamentally, the lack of freedom of movement." *See Günaydin v. Trump*, 784 F. Supp. 3d 1175, 1187 (D. Minn. 2025). This "intensifie[s]" Diop's liberty interest "because the deprivation of liberty that individuals detained under section 1226(a) experience is not the result of a criminal adjudication." *Graterol Guedez*, 2026 WL 1696650, at *3 (citation modified). Taken together, this Court finds that the first *Matthews* factor favors requiring the Government to bear the initial burden of proof. *See Hernandez-Lara v. Lyons,* 10 F.4th 19, 30 (1st Cir. 2021); *Alvarez Ortiz v. Freden*, 808 F. Supp. 3d 579, 597–98 (W.D.N.Y. 2025); *Günaydin*, 784 F. Supp. 3d at 1186–87.

As to the second *Matthews* factor, placing the burden on the Government also reduces the risk of erroneous deprivation. Of course, the Government has an interest in "ensuring the appearance of [noncitizens] at future immigration proceedings." *Zadvydas*, 533 U.S. at 690 (record citation omitted). But as the Supreme Court explained in response to a similar argument in *Zadvydas*, "[t]he choice . . . is not between imprisonment and the alien 'living at large.' It is between imprisonment and supervision under release conditions that may not be violated." *Id.* at 696. And were the burden placed on petitioner to prove the negative—that he is not dangerous or a flight risk—he would face a nearly insurmountable hurdle, increasing the risk of erroneous decisions. *See Hernandez-Lara,* 10 F.4th at 31 ("[P]roving a negative (especially a lack of danger) can often be more difficult than proving a cause for concern."); *Elkins v. United States*, 364 U.S. 206, 218 (1960) (noting that "as a practical matter it is never easy to prove a negative").

The third *Matthews* factor favors placing the burden on the Government, as well. Again, this Court recognizes the Government's legitimate interest in ensuring that noncitizens in removal proceedings appear for hearings. *See Zadvydas*, 533 U.S. at 690. Still, any detention must "bear a reasonable relation to its purpose." *Id.* "When the Government incarcerates individuals it cannot show to be a poor bail risk for prolonged periods of time, as in this case, it separates families and removes from the community breadwinners, caregivers, parents, siblings and employees." *Velasco*

*Lopez v. Decker*, 978 F.3d 842, 854–55 (2d Cir. 2020). That is particularly true here, as Diop is presently separated from his pregnant partner and their small child. *See* ECF No. 1 at PageID.7. That separation does not advance any public interest.[3] *See Velasco Lopez*, 978 F.3d at 844. Rather, it risks needless detention of the Petitioner, which far outweighs the additional costs of imposing the burden of proof of establishing his risk of danger and flight on the Government. *See Soto-Medina*, 817 F. Supp. 3d at 626–27.

In sum, "the *Mathews* factors establish that due process requires the government to bear the burden of demonstrating that Petitioner is a flight risk or danger to the community to deny bond." *Soto-Medina*, 817 F. Supp. 3d at 627. Accordingly, this Court agrees with "the majority of courts in finding that due process requires that the *government* bear the burden of justifying a noncitizen's § 1226(a) detention." *Id.* at 622 (emphasis in original); *see Yokobatake*, 2026 WL 2349432, at *5 (collecting cases).

Having concluded the Government must bear the burden, the final question is what evidentiary burden applies. The Supreme Court has recognized that "civil commitment for any purpose constitutes a *significant* deprivation of liberty that requires due process protection." *Addington v. Texas*, 441 U.S. 418, 425 (1979)

---

[3] Given that Diop has no criminal record, ECF No. 1 at PageID.7, his detention advances no community-safety interest either.

(emphasis added). To that end, courts apply the heightened clear-and-convincing standard to immigration detentions, analogous to other "heightened individual liberty contexts, such as involuntary psychiatric commitments, termination of parental rights, deportations, and denaturalizations." *Graterol Guedez*, 2026 WL 1696650, at *4 (collecting cases). This Court agrees that the burden to be borne by the Government is one of clear and convincing evidence. *See Velasco Lopez*, 978 F.3d at 856–57; *see also Soto-Medina*, 817 F. Supp. 3d at 628.

As applied here, IJ Jebson's order is silent as to the burden and standard of proof he applied. *See* ECF No. 1-4. The transcript of the hearing provides no further analysis. Indeed, the whole of IJ Jebson's ruling is as follows:

> JUDGE FOR THE RECORD: I am denying bond. I am finding he is a flight risk. I think probably the most important piece of evidence is the fact that he has been ordered removed. Unless he is successful on appeal, the next time that he will be ordered to appear is for removal, and I am just not convinced that any bond amount or set of conditions can ensure that.

ECF No. 4-7 at PageID.378. The sole mention of burden is from the Government, arguing to IJ Jebson that "[Diop] hasn't sufficiently proved he's not a flight risk." *Id.* at PageID.377. Therefore, it appears likely that IJ Jebson placed the burden on Diop to disprove he was not a flight risk, rather than placing the burden on the Government to show by clear and convincing evidence that he posed a flight risk. That violated Diop's Fifth Amendment due process rights, as explained above.

To avoid this conclusion, the Government argues that *Jennings* made clear that § 1226(a) does not impose an evidentiary burden on the government. ECF No. 4 at PageID.148, citing *Jennings*, 538 U.S. at 306. That is correct, but Diop does not claim that he is being detained in violation of § 1226(a). Rather, he argues his Fifth Amendment due process rights were violated, giving rise to his habeas claim. ECF No. 1. The *Jennings* Court did not decide what evidentiary burden the Fifth Amendment might impose in immigration proceedings. *See Soto-Medina*, 817 F. Supp. 3d at 622. Therefore, *Jennings* does not compel a different result.

The Government also points to a recent Sixth Circuit opinion, *De Leon Trejo v. Bullock*, 2026 WL 2057094 (6th Cir. May 14, 2026), arguing that the Sixth Circuit declined to change the burden of proof when presented the opportunity. ECF No. 4 at PageID.149. But *De Leon Trejo* offers no discussion of the burden of proof. "Questions which merely lurk in the record, neither brought to the attention of the court nor ruled upon, are not to be considered as having been so decided as to constitute precedents." *Rinard v. Luoma*, 440 F.3d 361, 363 (6th Cir. 2006) (citation modified). Therefore, *De Leon Trejo* offers no assistance to the Government here.

Next, the Government argues that noncitizens' due process rights are limited, stretching only as far as the "procedures provided by Congress." ECF No. 4 at PageID.149. But the cases on which the Government relies for this proposition are easily distinguishable. Both *Thuraissigiam* and *Shaughnessy* involved individuals

who were on the threshold of entry to the United States. *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 140 (2020) (holding that a noncitizen who made it 25 yards into U.S. territory had not effected an entry and was not treated as someone already present in the U.S.); *United States ex rel. Knauff v. Shaughnessy*, 338 U.S. 537, 543–44 (1950) (addressing rights of a noncitizen denied entry). As the Court has recently recognized, "[t]hese cases merely reinforce our longstanding understanding that noncitizens on the threshold of initial entry stand on a different footing than those who have passed through our gates." *Jaimes*, 840 F. Supp. 3d at 1236 (citation modified). They do "not control where, like in the instant case, noncitizens have resided within the United States for years." *Lopez-Campos*, 175 F.4th at 734.

Nor do the Government's Sixth Circuit authorities persuade. *See* ECF No. 4 at PageID.150. Most do not address the burden of proof in immigration proceedings. *See Lopez v. Garland*, 990 F.3d 1000, 1003 (6th Cir. 2021) (discussing the adequacy of written notice of removal proceeding); *Abdallahi v. Holder*, 690 F.3d 467, 472 (6th Cir. 2012) (discussing the adequacy of a removal hearing where the original immigration judge had retired and a new immigration judge was presiding over the case); *Denko v. I.N.S.*, 351 F.3d 717, 726–60 (6th Cir. 2003) (discussing the constitutionality of allowing the BIA to issue a summary affirmance without a separate opinion). The sole opinion that holds that a noncitizen is not entitled to

constitutional due process, *Betancourt v. Chandler*, 230 F.3d 1357, at *2 (6th Cir. 2000) (order), was rejected three years later, *see Rosales-Garcia v. Holland*, 322 F.3d 386, 409 (6th Cir. 2003) ("We could not more vehemently disagree. Excludable aliens—like all aliens—are clearly protected by the Due Process Clauses of the Fifth and Fourteenth Amendments.").

At bottom, "[d]etention during removal proceedings is . . . constitutionally permissible," *Demore*, 538 U.S. at 531, but the Government's power to detain immigrants pending removal "is subject to important constitutional limitations," *Zadvydas*, 533 U.S. at 695. Here, that requires the Government to prove by clear and convincing evidence that Diop is a flight risk. That was not done, meaning Diop's due process rights were violated.

Finally, to prevail on his due process claim, Diop must also show he was prejudiced. *Graham v. Mukasey*, 519 F.3d 546, 549 (6th Cir. 2008). To prove prejudice, Diop must show that the facts of this case "could have supported a different outcome" if the correct burden of proof had been placed on the Government. *See Mendoza-Garcia v. Barr*, 918 F.3d 498, 508 (6th Cir. 2019) (citation modified).

This Court finds that Diop was prejudiced. It appears that the sole fact on which IJ Jebson relied was the fact that Diop had been ordered removed, "diminishing his incentive to appear for further removal proceedings." *See Singh v.*

*Holder*, 638 F.3d 1196, 1205 (9th Cir. 2011); *see also* ECF No. 4-6 at PageID.378. Although this "is a relevant factor in the calculus, it alone does not constitute clear and convincing evidence that [Diop] presented a flight risk justifying denial of bond." *Singh*, 638 F.3d at 1205. Moreover, Diop alleges that he made a mistake many Detroit drivers have made before—erroneously approaching the Ambassador Bridge. ECF No. 1 at PageID.8. It does not appear that the IJ considered this fact. Therefore, this Court finds that "a different outcome" was possible if the correct burden of proof was applied. *See Mendoza-Garcia v. Barr*, 918 F.3d at 508.

In sum, this Court finds that Diop has shown his Constitutional rights were violated, causing him prejudice. Therefore, he is entitled to habeas relief in the form of a constitutionally appropriate bond hearing, and this Court will grant his petition for such relief.

## IV. CONCLUSION

Accordingly, it is **ORDERED** that Respondents Troy Goodnough, Markwayne Mullin, the United States Department of Homeland Security, Todd Blanche, and the Executive Office for Immigration Review are **DISMISSED** from the above-captioned case.

Further, it is **ORDERED** that Diop's Petition, ECF No. 1, is **GRANTED**. To that end, it is **ORDERED** that:

1. Respondent Putra is **DIRECTED** to provide Diop with a bond hearing under 8 U.S.C. § 1226(a) **on or before December 3, 2026**, or otherwise release him; and

2. Respondent Putra is **DIRECTED** to file a status report to certify compliance with this order **on or before December 10, 2026**. The status report shall detail if and when Diop's bond hearing occurred, if bond was granted or denied, and—if bond was denied—the reasons for the denial.

**IT IS SO ORDERED.**

*/s/Susan K. DeClercq*
SUSAN K. DeCLERCQ
United States District Judge

Dated: November 20, 2026